IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROLANDO BENITEZ #49809-177, MOVANT, | § § § § | |
| v. | § § § | CIVIL NO. 3:19-CV-1257-B-BK (CRIMINAL NO. 3:14-CR-266-B-24) |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Rolando Benitez's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition. As detailed herein, the Section 2255 motion should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

On October 18, 2016, pursuant to a written plea agreement containing an appeal waiver, Benitez pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. 846, 841(a)(1) and 841(b)(1)(B)(i), Crim. Doc. 2057, and was sentenced to 245 months' imprisonment on June 1, 2017, Crim. Doc. 1953. Judgment was entered on that same date. *Id*. On March 12, 2018, the Court of Appeals for the Fifth Circuit dismissed Benitez's direct appeal. Crim. Doc. 2221. He did not file a petition for a writ of certiorari. *See* Doc. 3 at 4.

Benitez timely filed the instant section 2255 motion on May 24, 2019. Doc. 3. He claims that: (1) his trial and appellate counsel provided ineffective assistance; (2) the appeal waiver in his plea agreement is invalid because he entered into it unknowingly and involuntarily; (3) the Court erred in imposing the leader/organizer enhancement; (4) the Court miscalculated his base offense level by attributing all of the drugs in the conspiracy to him; and (4) the Court failed to appropriately consider the Section 3553 sentencing factors. Doc. 3 at 7-8; 11-13; Doc. 4. The Government filed a response in opposition. Doc. 16. Benitez did not file a reply.

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under section 2255, a petitioner can collaterally challenge his conviction "only on issues of constitutional or jurisdictional magnitude." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

### A. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, Benitez must demonstrate counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id. at 697*.

To prove the deficient performance prong of the *Strickland* test, a petitioner must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id.* at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id.* at 688. "Judicial scrutiny of counsel's

2

performance must be highly deferential." *Id.* at 689.  There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Here, Benitez provides a litany of vaguely-argued assertions of the ineffectiveness of his trial counsel.  Specifically, Benitez avers that his counsel "failed to advocate on his behalf"…. "failed to investigate, challenge and/or mitigate many sentencing factors which would [have] impacted on the amount of time his client would have been exposed to,"…. and "failed to investigate all aspects and circumstances of the case thus leaving [Benitez] to make decisions based on inappropriate or incomplete information." Doc. 4 at 7.  He additionally avers that his counsel "failed to actually comprehend the elements of the case" and failed "to challenge/rebut any of the Government's allegations as far as his role/involvement in the offense" [or] "challenge the issue of drug amount to the court . . . . by "require[ing] that the government bring forth the requisite preponderance of proof." *Id*.  Aside from each of Benitez's claims being fatally conclusory, *see Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (stating that merely presenting "conclusory allegations" of the ineffective assistance of counsel is insufficient to meet the *Strickland* test), Benitez wholly fails to demonstrate that he was prejudiced by the alleged deficient performance of his counsel.  Benitez, simply states that "[a]s a result of the failure of counsel to act as an advocate on behalf of Movant Benitez, he was prejudiced." Doc. 4 at 7. This general statement fails to "affirmatively prove prejudice," which is also fatal to Benitez's claims.  *See Strickland*, 466 U.S. at 693.

Benitez also avers that his appellate counsel provided ineffective assistance but provides no argument on the issue in the body of his claim. Doc. 4 at 6-7; Doc. 3 at 7. To the extent that any of the conclusory ineffective-assistance claims raised in his Section 2255 motion and memorandum can be liberally construed to reference the performance of his appellate counsel, they fail for the same reasons stated above. Benitez's conclusory claims fail to "affirmatively prove" that he was prejudiced by any alleged deficient performance by his appellate counsel. *Strickland*, 466 U.S. at 693.

Therefore, Benitez's ineffective assistance of counsel claims should be denied.

### B. Remaining Claims are Waived and Procedurally Barred

Benitez also argues the Court erred in imposing the leader/organizer enhancement, miscalculated his base offense level by attributing all of the drugs in the conspiracy to him, and failed to appropriately consider the Section 3553 sentencing factors. Doc. 3 at 7-8; 11-13; Doc. 4. These issues are waived and also procedurally barred.

In his plea agreement, filed with the Court on October 3, 2016, Benitez waived "his rights, conferred by 28 U.S.C. § 1291 and 18 U.S .C. § 3742, to appeal from his conviction and sentence." Crim. Doc. 1497 at 5. He further waived "his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255." Crim. Doc. 1497 at 5. He specifically reserved "the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel." Crim. Doc. 1497 at 5.

The Court of Appeals for the Fifth Circuit has upheld the informed and voluntary waiver of post-conviction relief. *See, e.g.*, *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

4

Generally, the only exceptions to a Section 2255 waiver are an ineffective assistance of counsel claim that affects the validity of that waiver or the plea itself or when the sentence exceeds the statutory maximum. *United States v. Hollins*, 97 Fed. Appx. 477, 479 (5th Cir. 2004).

Benitez avers that he did not enter into his appeal waiver knowingly and voluntarily because he was "totally reliant on the advice of counsel. . . . [and] it is unfair to presume that from whatever explanation counsel might offer beyond reading the waiver provision, a reasonably educated layperson will digest how little recourse exists to bring a post-conviction challenge." Doc. 4 at 4. But Benitez's protestations of ignorance are belied by the record. In his plea agreement, Benitez acknowledged his guilty plea was "freely and voluntarily made and is not the result of force or threats, or promises apart from those set forth in this plea agreement," and that there were "no guarantees or promises from anyone as to what sentence the Court will impose." Crim. Doc. 1497 at 5. Benitez additionally acknowledged that he had "thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation . . . [and had] received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement." Crim. Doc. 1497 at 6. This acknowledgment included Benitez's appeal waiver, as the waiver was included in the plea agreement that he acknowledged his counsel explained to him. Benitez then conceded "that he is guilty, and after conferring with his lawyer, [he] has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case." Crim. Doc. 2057 at 6.

At Benitez's change of plea hearing, the Court advised him of the rights he would retain if he pleaded not guilty as well as the rights he would give up if he pleaded guilty. Crim. Doc.

2057 at 5-6. Benitez assured the Court that he had discussed with his attorneys the charges against him "this case, and [his] proposed plea of guilty." Crim. Doc. 2057 at 7-8. The Court outlined the elements of the offense and Benitez stated he understood them. Crim. Doc. 2057 at 10-11. Furthermore, Benitez acknowledged that prior to signing his plea agreement, he had "fully read it," reviewed the agreement with his attorneys, and "ask[ed] them any questions [he] had about [the agreement]." Crim. Doc. 2057 at 12. Benitez then specifically acknowledged that he understood he was giving up his right to appeal and to file any post-conviction proceedings, except for the limited circumstances set out in the plea agreement. Crim. Doc. 2057 at 13. He also confirmed that he was giving up his right to appeal "voluntarily and of [his] own free will." Crim. Doc. 2057 at 13-14. Benitez stated he was not coerced into signing the agreement. Crim. Doc. 2057 at 15).

The Court explained that the statutory maximum sentence Benitez could receive was not less than five years nor more than forty years of imprisonment, which Benitez indicated he understood. Crim. Doc. 2057 at 15-16). It was only then that Benitez pleaded guilty to the charge in open court. Crim. Doc. 2057 at 17).

Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). And where the record establishes that the defendant understood the nature of the charge against him and the direct consequences of his act, the rudimentary demands of a fair proceeding and a knowing, voluntary plea are satisfied. *Wright v. United States*, 624 F.2d 557, 561 (5th Cir. 1980). If a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983);

6

*United States v. Melancon*, 972 F.2d 566, 567-68 (5th Cir. 1992); *see also United States v. Cortez*, 413 F.3d 502 (5th Cir. 2005).

Benitez's plea pursuant to the plea agreement containing an appeal waiver was knowing and voluntary and his claims that the Court erred in imposing the leader/organizer enhancement, miscalculated his base offense level by attributing all of the drugs in the conspiracy to him, and failed to appropriately consider the Section 3553 sentencing factors do not concern the issues reserved for appeal in his appeal waiver. Thus, these issues are barred by the appeal waiver in his plea agreement. *See Wilkes*, 20 F.3d at 653.

Even if Benitez had not waived the right to file a Section 2255 motion, the Court notes that the issues he raises could have been raised on direct appeal. It is well settled that a collateral challenge may not take the place of a direct appeal. *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude. . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error. *Id*. at 232. Benitez could have raised these issues on direct appeal, but failed to do so. And he has not shown either cause for his procedural default and actual prejudice resulting from the error, or demonstrated that the alleged violation probably resulted in the conviction of one who is actually innocent. *Shaid*, 937 F.2d at 232. Thus, Benitez's issues are procedurally barred from review. *Id.*

Finally, to the extent that Benitez challenges his conviction on the ground that the Court based the conviction "on interviews and testimony of co-defendants who were offered leniency for plea and cooperation," he is factually mistaken. Benitez's conviction was not based on

7

testimony of co-defendants, but rather, on his knowing and voluntary plea of guilty. *See* Crim. Doc. 1497; Crim Doc. 2057.

### III. CONCLUSION

For the foregoing reasons, Benitez's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED**, and this case be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on February 18, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).